LAW OFFICES 
 GREENBLUM & BERNSTEIN, P.L.C. 
NEIL F. GREENBLUM PATENT, COPYRIGHT AND TRADEMARK MATTERS HARRY J. GWINNELLO 
 1950 ROLAND CLARKE PLACE □□ □□□□□□□□□□□ 
ARNOLD TURK RESTON, VA 20191-1411 SOK □□ HONG 0 
STEPHEN M. ROYLANCE © TEL: (703) 716-1191 JEFFREY R. BOUSQUET © 
ROBERT W. MUELLER FAX: (703) 716-1180 GARY M. □□□□□□ 
WILLIAM 5. BOSHNICK EMAIL: gbpatent@gbpatent.com SHAWN A. □□□□□□□□□□ PhD. 
BRANKO www.gbpatent.com CHAD. CORKA 
 H. STONER, JR.0 CHUONG □□ □□□□□□ 
 — 
 October 6, 2021 “ones 
 SCHLAPKOHL, PhD. oOrcOUNSEL 
NAOKO OHASHI* ASENIOR COUNSEL 
 MTA APPLICATION GRANTED 
 Hon. Vernon S. Broderick SO ORDERED ¥et a 
 United States District Court VERNON 8. BRODERICK 
 Southern District of New York U.S.D.J, 10/7/2021 
 Thurgood Marshall United States Courthouse 
 40 Foley Square, Room 415 The parties are directed to file the redacted version with th 
New York, New York 10007 reporter. 
 Re: Spectrum Dynamics Medical Limited v. GE; Case No.: 18-cv-11386 (VSB) 
 Dear Judge Broderick: 
 We represent Plaintiff Spectrum Dynamics Medical Limited (‘Spectrum’) in the above- 
 captioned matter. On behalf of Spectrum, we write pursuant to Federal Rule of Civil Procedure 
 5.2(e), Your Honor’s Individual Rule of Practice 5.B.iii, and the parties’ Stipulated 
 Confidentiality and Protective Order (the “Protective Order”) (Doc. 156) to request that several 
 passages contained in the transcript of the parties’ appearance before Your Honor on August 6, 
 2021 (Doc. 364), be redacted and filed under seal. Spectrum respectfully requests, and 
 Defendants do not object, that before the transcript is made publicly available, the court reporter 
 be directed to redact the passages highlighted on pages 19, 28-33, 37-39, 43-44, and 46 as set 
 forth in Exhibit 1 hereto. 
 The presumption of public access to judicial documents can be overcome if countervailing 
 factors warrant confidentiality. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d 
 Cir. 2006); see also Nixon v. Warner Commce’ns Inc., 435 U.S. 589, 598 (1978). Sealing of 
 records may be justified to preserve “higher values,” including the need to protect an entity from 
 competitive injury. Lugosch, 435 F.3d at 124; see also Tropical Sails Corp. v. Yext, Inc., No. 14- 
 cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12) (risk of “competitive 
 injury is sufficiently serious to warrant protection” of proprietary business information). 
 Consistent with this, courts routinely permit sealing and redaction of competitively sensitive 
 proprietary business information. See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 
 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); Encyclopedia Brown Prods., Ltd. v. Home Box Office. 

Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); see also Nixon, 435 U.S. at 598 (recognizing 
need to seal information that might “harm a litigant’s competitive standing”). 

Here, the discussions in the transcript concern sensitive and proprietary business and technical 
information of both Spectrum and Defendant GE that are not publicly available. This information 
is competitively sensitive and proprietary information of GE or Spectrum, respectively, that, if 
disclosed, would pose a substantial risk of harm to GE or Spectrum, and constitutes “Highly 
Confidential – Attorneys’ Eyes Only” information under the Protective Order. This is the sort of 
competitively sensitive information that courts consistently protect from disclosure. See, e.g., 
Ferring B.V. v. Allergan, Inc., No. 12-cv-2650, 2017 U.S. Dist. LEXIS 150239, at *16 (S.D.N.Y. 
Sep. 7) (granting motion to seal documents containing proprietary information related to product 
development); Encyclopedia Brown, 26 F. Supp. 2d at 612 (sealing documents reflecting 
sensitive trade secret information). This is particularly the case where, as here, the information to 
be sealed was not relevant to the Court’s resolution of any issue. Cf. Bernstein v. Bernstein 
Litowitz Berger & Grossman LLP, 814 F. 3d 132, 143 (2d Cir. 2016)(denying sealing request 
where documents were “highly relevant to the exercise of Article III judicial power”). 

Spectrum’s request is narrowly tailored to protect highly confidential information and does not 
deprive the public of access to critical information. Spectrum respectfully requests that the Court 
permit the requested redactions in the publicly available version of the August 6, 2021 transcript 
(Doc. 364). 

 Respectfully submitted, 

 /Neil F. Greenblum/ 

 Neil F. Greenblum 

NFG/PBP/tld 
{J734902 04974101.DOCX}